ERNEST R. MESERVE, Respondent, v. MAUDE M. MESERVE, Appellant.— In an action to annul a marriage on the ground of fraud, order denying defendant's motion for summary judgment reversed upon the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. In our opinion, the record in the former action for separation disclosed that there was a distinct issue raised by the pleadings and litigated on the trial as to cohabitation between the parties, which issue was determined against the plaintiff in the present action, and it was found therein that cohabitation continued subsequent to the time that, as alleged by plaintiff in his amended complaint, he discovered the alleged fraud and concealment. The plaintiff may not, therefore, maintain the present action. Lazansky, P. J., Young, Davis, Johnston and Adel, JJ., concur.

ARGIRO PAGNONI, Appellant, v. ELSIE PAGNONI, Respondent.— Upon the ground that defendant had not been served with a copy of the summons and complaint, the Special Term vacated and declared null and void the judgment of divorce that plaintiff had obtained by default. Order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Johnston and Adel, JJ.

EDWARD POTTER, as Permanent Receiver of the EMERSON-STEUBEN CORPORATION, Its Stock, Property, etc., Appellant, v. EMERSON-STEUBEN CORPORATION, ISAAC KAUFMAN and Others, Respondents.— Judgment dismissing the complaint in an action by a receiver appointed in a sequestration action to set aside transfers of the defendant corporation's property to the individual defendants, made in violation of section 15 of the Stock Corporation Law, reversed on the law and the facts and a new trial granted, costs to abide the event. In our opinion the uncontradicted evidence shows that the transfers were made in violation of the statute. Proof that the corporation was insolvent or its insolvency was imminent and that the transfer was made with the intent of giving a preference is not necessary where the transfer is made, as it was here, to a director of the corporation. (Throop v. H. L. Co., 125 N. Y. 530; Millbank v. Welch, 74 Hun, 497.) For the purpose of granting a new trial, all findings of fact are reversed and the conclusions of law are disapproved. Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM V. CAHILL, Appellant.— Judgment of the County Court of Orange county convicting the defendant of manslaughter in the first degree and orders unanimously affirmed. We are of the opinion that the evidence sustains the guilt of the defendant beyond a reasonable doubt, that the court properly submitted the four degrees of homicide to the jury (People v. Van Norman, 231 N. Y. 454), that the signed statements of the defendant were properly received in evidence, and that no substantial errors were committed during the trial. Present — Lazansky, P. J., Young, Davis, Johnston and Adel, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS DACHIS, Appellant.— Judgment of the County Court of Queens county convicting the defendant of the crime of attempted extortion, committed as a second offense, and order denying motion to set aside the verdict, unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS DACHIS, Appellant.— Order of the County Court of Queens county denying defendant's motion for a new trial on the ground of newly-discovered evidence unanimously

affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH PERINSKY, Appellant.— Judgment of the County Court of Nassau county convicting defendant of the crime of maintaining a public nuisance unanimously affirmed. No opinion. Present — Lazansky, P. J., Young, Hagarty, Johnston and Adel, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN SANACORY, Appellant.— Order of the Supreme Court, Westchester county, entered August 27, 1935, granting the district attorney's motion to vacate the original sentence imposed April 1, 1932, and resentencing the defendant, affirmed, on authority of *People* v. *Procito* (261 N. Y. 376). Lazansky, P. J., Young and Adel, JJ., concur; Davis and Johnston, JJ., dissent and vote to reverse the order, to deny the motion and to confirm the original sentence as valid, with the following memorandum: Defendant, a first offender, was convicted of assault in the first degree, committed while armed with a dangerous weapon. On April 1, 1932, he was sentenced to a term the maximum of which was to be ten and the minimum of which was to be five years, and, pursuant to section 1944 of the Penal Law, he was sentenced for an additional term of five years for committing a felony while armed. The judgment was affirmed by this court (241 App. Div. 772), but the validity of the sentence was not raised. On February 4, 1935, defendant's imprisonment under the sentence for assault terminated by parole and on that day he commenced the service of the sentence for the additional five-year term. On August 27, 1935, upon motion of the district attorney, the court vacated the original sentence and resentenced defendant, imposing the same sentence for conviction of the felony and changing the sentence for committing the felony while armed from five years to five to ten years. The pertinent provisions of section 1944 of the Penal Law (as amd. by Laws of 1931, chap. 791) are: " If any person while in the act of committing a felony * * * shall be armed * * * the punishment elsewhere prescribed in this law for the felony of which he is convicted shall be increased by imprisonment in State's prison for not less than five nor for more than ten years." In our opinion the Legislature by this statute has directed that the increased punishment within the prescribed limits shall be for a fixed number of years. Therefore, the original sentence with the increased punishment of five years for committing the felony while armed was valid. *People* v. *Procito* (261 N. Y. 376), cited in the prevailing memorandum, is not to the contrary. There the court did not hold that the imposition of a fixed number of years as additional punishment for a first offender renders the sentence void. The court merely held that an additional indeterminate sentence may be imposed upon a defendant convicted of a felony where it is shown he was armed at the time he committed the felony. In arriving at this conclusion the court considered the fact that one who never previously had been convicted of a felony is intended to be favored by an indeterminate sentence. Obviously the defendant in the instant case was not favored but prejudiced when the court resentenced him to an indeterminate term, because his original sentence for the fixed term was the minimum that could be imposed. While the court has power, within definitely prescribed limits, to reconsider its judgment and to vacate, modify or amend it by reducing or increasing a sentence imposed, such power must be exercised at the term at which the judgment was pronounced. But where, as here, the original sentence was valid, the court was without power, after the